IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION

| | |
|---|---|
| KIM ANTHONY POLONCZYK ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 12-3472-CV-S-ODS |
| ) | |
| MICHAEL J. ASTRUE, ) | |
| Commissioner of Social Security, ) | |
| ) | |
| and ) | |
| ) | |
| UNITED STATES DEPARTMENT OF ) | |
| SOCIAL SECURITY, ) | |
| ) | |
| Defendants. ) | |

ORDER AND OPINION (1) DENYING PLAINTIFF'S MOTION FOR SUMMARY
JUDGMENT; AND (2) GRANTING DEFENDANT'S MOTION TO DISMISS

Pending is Plaintiff's Motion for Summary Judgment (Doc. # 5) and Defendants' Motion to Dismiss (Doc. # 7). Plaintiff's Motion for Summary Judgment is denied and Defendants' Motion to Dismiss is granted.

I. BACKGROUND

On September 15, 2010, an Administrative Law Judge ("ALJ") issued a partially unfavorable decision on an application for Social Security benefits filed by Plaintiff. Def's Suggestions in Support (Doc. #7), Exh. A, p. 15. Plaintiff thereafter sought further administrative review of the ALJ's decision, but on November 15, 2011, the Appeals Council for the Social Security Administration ("SSA") denied Plaintiff's request for additional review. Def's Suggestions in Support (Doc. #7), Exh. A, p. 19. Written notification of the Appeals Council action was mailed to Plaintiff at the address he then had on file with the SSA. On November 2, 2012, Plaintiff filed his *pro se* Complaint against the Commissioner and the SSA contending that the present suit is proper under

the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 1346.  Plaintiff's Complaint makes several allegations, including, but not limited to:

- "The defendants . . . have continued to as recently as 2009 and 2010 place a higher value on guesses on medical health by psychologists over mandated 'conclusions from professional medical examinations and testing' which is required by congressional law."   Complaint (Doc. # 3), at 2.

- "The defendants have constantly denied the plaintiff his right to a hearing under the Social Security Disability rules since 1998."   Complaint (Doc. # 3), at 2.

- "The defendants . . . have solicited, promoted, encouraged, paid for, and illegally and willfully in violation of congressional mandate accepted the determination of this unauthorized practice of medicine . . . ceased the payments of the severely disabled plaintiff without the mandated 'medical findings through testing' by medical experts."   Complaint (Doc. #3), at 2.

- "The defendants being parts and wholes of the branch of the United States Government to assist the disabled have intentionally discriminated against the plaintiff's disability and denied him his rights to hearings, congressional mandates, assistance and his lifetime contributions."   Complaint (Doc. # 3), at 2-3.

On January 7, 2013, Plaintiff filed a Motion for Summary Judgment (Doc. # 5). Defendant did not respond and the time for doing so has passed.   On January 23, 2013, Defendant filed a Motion to Dismiss (Doc. # 7) for lack of subject matter jurisdiction and/or failure to state a cognizable claim.   On January 25, 2013, Plaintiff filed its Suggestions in Opposition to Defendants' Motion to Dismiss.  The Court now considers Defendants' Motion to Dismiss.

## II. STANDARD

To survive a motion to dismiss, a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  The claim for relief must be "'plausible on its face,'" meaning it must "plead[] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."   *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 554, 556 (2007)).   Mere "'labels and

conclusions,'" "'formulaic recitation[s] of the elements of a cause of action,'" and "'naked assertion[s]' devoid of 'further factual enhancement'" are insufficient. *Id.* (quoting *Twombly*, 550 U.S. at 555, 557). Additionally, a "document filed *pro se* is to be liberally construed and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (internal quotation marks and citations omitted).

### III. DISCUSSION

In its Motion to Dismiss, Defendant argues that all claims raised in Plaintiff's *pro se* Complaint should be dismissed for lack of subject matter jurisdiction and/or failure to state a cognizable claim because (1) it is untimely barred by 42 U.S.C. § 405(g); (2) the Commissioner is absolutely immune from individual tort liability; and (3) Plaintiff has failed to exhaust his administrative remedies. In response to Defendant's Motion to Dismiss, Plaintiff filed a one-page Brief contending that he "has more than adequately stated his claim" and that his "superior evidence" supports a ruling in favor of him. Pl's Brief in Opposition, (Doc. # 8) at 1.

#### A. Judicial Review is Untimely

First, to the extent that Plaintiff's Complaint seeks judicial review of the Commissioner's final decision denying an application for Social Security benefits, Defendant argues that this case should be dismissed because Plaintiff's Complaint is time-barred. The Court agrees.

An individual may obtain review of a final decision of the Commissioner by a civil action commenced within sixty days after the mailing of notice of such decision. 42 U.S.C. § 405(g). The date of receipt of an Appeals Council Notice of Denial of Request for Review is presumed to be five days after the date of such notice, unless there is a reasonable and specific showing to the contrary. 20 C.F.R. § 422.210(c). The Eighth Circuit has upheld the enforcement of this limitations period. *See, e.g., Bess v. Barnhart*,

337 F.3d 988, 990 (8th Cir. 2003) (affirming district court's determination that a complaint seeking judicial review of the Commissioner's decision is untimely). In the absence of equitable tolling, failure to comply with the sixty-day limitation warrants dismissal. *Bess v. Barnhart*, 337 F.3d 988, 989-90 (8th Cir. 2003).

In this case, the Appeals Council Notice of Denial of Request for Review was dated November 15, 2011. Plaintiff had 65 days from that date to request judicial review of the Commissioner's final decision. Accordingly, to be considered timely, Plaintiff's action for judicial review, must have been commenced on or before January 15, 2012. However, Plaintiff did not file his Complaint until November 2, 2012. Further, Plaintiff provides no argument or evidence demonstrating that equitable tolling applies in this case. Accordingly, to the extent Plaintiff seeks judicial review of the Commissioners decision, the action is dismissed as untimely.

## B. Sovereign Immunity

Defendant argues that to the extent that Plaintiff's Complaint can be interpreted as seeking to assert a tort claim against the Commissioner and the SSA, the doctrine of sovereign immunity bars such a suit. The Court agrees.

It is well-established that "sovereign immunity shields the Federal Government and its agencies from suit." *Fed. Deposit Ins. Corp. v. Meyer*, 510 U.S. 471, 475 (1994). However, the FTCA provides "a limited waiver of the United States's sovereign immunity, to permit persons injured by federal-employee tortfeasors to sue the United States for damages in federal district court." *Mader v. United States*, 654 F.3d 794, 797 (8th Cir. 2011). However, waiver does not apply in this case. Plaintiff's Complaint names the Commissioner and the SSA as Defendants. Under the FTCA, only the United States, and not its agencies or officials, may be sued. 28 U.S.C. § 2679(b)(1); *see also Artis v. Petrovsky*, 638 F. Supp. 51, 53 (W.D. Mo. 1986) ("When a claim is brought pursuant to the FTCA, the United States rather than the agency or its employees must be named as defendant."). Accordingly, the Court grants Defendants' Motion to Dismiss.

4

## C. Exhaustion of Administrative Remedies

Finally, even if Plaintiff were to substitute the United States as the Defendant in this action, he has failed to exhaust his administrative remedies.

The FTCA provides that an "'action shall not be instituted upon a claim against the United States for money damages' unless the claimant has first exhausted his administrative remedies." *McNeil v. United States*, 508 U.S. 106, 107 (1993) (quoting 28 U.S.C. § 2675(a)). "A tort claim against the United States shall be forever barred unless it is presented in writing to the appropriate Federal agency within two years after such claim accrues . . . ." 28 U.S.C. § 2401(b).

In *McNeil v. United States*, a prison inmate brought an action against the federal government under the FTCA. 508 U.S. 106 (1993). The inmate alleged that the United States Public Health Services caused him serious injuries while in the custody of the Illinois Department of Corrections. *Id.* at 107. When the lawsuit was initially filed, his administrative claim had not been denied by the government agency. *Id.* at 108. The district court dismissed the inmate's FTCA action concluding that it "lacked jurisdiction to entertain an action 'commenced before satisfaction of the administrative exhaustion requirement under U.S.C. § 2675(a).'" *Id.* at 109 (quoting *McNeil v. U.S. Public Health Service*, No. 89-C-1822, 1991 WL 9994, at *2 (N.D. Ill. Jan. 24, 1991). On appeal, the Supreme Court held that the "FTCA bars claimants from bringing suit in federal court until they have exhausted their administrative remedies." *Id.* at 113. Because the FTCA requirement was not satisfied the Court found that the district court had properly dismissed the suit. *Id.*

In this case, Plaintiff has failed to present any evidence that he has exhausted his administrative remedies by filing a written administrative tort claim with the SSA. Accordingly, this Court lacks subject matter jurisdiction over Plaintiff's FTCA claim.

## IV. CONCLUSION

For the aforementioned reasons, Defendants' Motion to Dismiss is granted and Plaintiff's Complaint is dismissed in its entirety. For the same reason the Court grants

Defendant's Motion to Dismiss, the Plaintiff is not entitled to summary judgment. Accordingly, Plaintiff's Motion for Summary Judgment is denied.

IT IS SO ORDERED.

DATE: February 20, 2013

/s/ Ortrie D. Smith
ORTRIE D. SMITH, SENIOR JUDGE
UNITED STATES DISTRICT COURT